Ms. Judith M. Gallman Arkansas Times 201 East Markham, Suite 200 Post Office Box 34010 Little Rock, Arkansas 72203
Dear Ms. Gallman:
This opinion is being issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1992 Supp. 1995).
You state in your letter that you have submitted a FOIA request to review records maintained by the Little Rock Police Department's Internal Affairs Division. Your specific question in relation to this request is as follows:
 Whether records maintained by the Little Rock Police Department's Internal Affairs Division that constitute the basis for the decision to terminate Officer Timothy Quinn, as well as all other previous internal affairs complaints resulting in discipline against him, are subject to disclosure under the state Freedom of Information Act.
I have not been provided with the records in question, and thus, I am unable to opine conclusively as to the release of any particular documents. However, I can set forth the law applicable to the release of such records. Because your question relates to records pertaining to disciplinary action taken against the officer, the exemption in the FOIA with respect to "employee evaluation or job performance records" must be considered.[1] A.C.A. § 25-19-105(c)(1).
The Standard for Disclosability
Under the provisions of the FOIA, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
What is An "Employee Evaluation or Job Performance Record"?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. The custodian of the records must make a factual determination as to whether records constitute employee evaluation or job performance records. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. In Opinion No.91-324, I opined that records pertaining to disciplinary action generally fall within the provisions of the FOIA involving "employee evaluation or job performance records." See also Ops. Att'y Gen. Nos. 96-324 and 94-235. In addition, this office has stated that internal affairs investigation records, if produced as a part of the investigation, can be classified as "employee evaluation or job performance records." See Ops. Att'y Gen. Nos. 96-257, 96-168, 93-420, 92-319, 91-296, 91-153, and 89-073.
As to your request regarding complaints resulting in disciplinary action, it must also be initially determined whether the particular record involving a complaint constitutes an "employee evaluation" or "job performance record." This office has recently opined with regard to complaint documents that this determination will likely depend upon the specific facts surrounding the documents' creation. See Ops. Att'y Gen. Nos. 96-324, 96-258, 96-257, 96-168 and 96-033. It is my opinion that records created as part of an inquiry into or investigation of alleged employee misconduct will generally constitute evaluation or job performance records. Op. Att'y Gen. No. 96-324. If the records were not created for evaluation or investigation purposes, disclosure may be required, with the possible exception of any intimate information that might give rise to a privacy interest. Id.; see generally Ops. Att'y Gen. 96-258 and 96-257. Finally, with respect to the results of any complaints, this office has concluded that records which reflect administrative action in response to or in connection with a complaint will generally fall within the "employee evaluation or job performance record" category. Op. Att'y Gen. No. 96-324.
Final Administrative Resolution/Records As a Basis
 for Suspension or Termination
The question of whether there has been a final administrative resolution of the suspension or termination at issue and of whether the requested records formed a basis for that suspension or termination are clearly questions of fact that can be readily determined by the Police Department. The requested records can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
I understand that there has been a termination in the instant case, but you have also referred to previous disciplinary action. This office has opined that a custodian is not required to release records setting forth the disciplinary action taken or the reasons therefor, as long as the employee is neither suspended or terminated. Op. Att'y Gen. No. 94-127;see also Ops. Att'y Gen. Nos. 91-324 and 88-162. Thus, if previous disciplinary action against Officer Quinn did not result in suspension, the custodian is not required to release records setting forth the disciplinary action taken or the reasons therefor.
Compelling Public Interest
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to [a] suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." John Watkins, The Arkansas Freedom of Information Act
135 (2d ed. 1994). In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The foregoing principles are those which the Police Department should consider in determining whether the requested records should be released (or whether they are exempt from release) as "employee evaluation or job performance records."
A CONSTITUTIONAL ISSUE
Finally, I must note that in some cases federal constitutional issues may arise with respect to the release of employee records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. Any information that meets the criteria set forth in McCambridge should be excised, but the remaining information should be made available for inspection and copying.
SUMMARY
Assuming that the records in question are "employee evaluations or job performance records," the Police Department must release the requested records if:
 (1) There has been a final administrative resolution of a suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; (3) There is a compelling public interest in the disclosure of the records in question; and (4) The requested records do not contain information that is protectable under the constitutional right of privacy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In Opinion No. 97-070, issued to T.L. Quinn, I noted that records in his "personnel and disciplinary files" could be classified as "employee evaluation or job performance records" or "personnel records;" therefore, I discussed the standards applicable to both categories of records. (Having not been provided with the records in question, I was again unable to opine conclusively as to the release of any particular documents.) Your request, however, refers to investigative and disciplinary records which in my opinion more narrowly implicate the test for the release of job performance records.